**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NITI SRIVASTAVA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-26-02006** |
| **QBE INSURANCE CORP., *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Niti Srivastava ("Plaintiff"), who is self-represented, filed this action in state court against Defendants QBE Insurance Corporation ("QBE") and, potentially, QBE North America,[1] asserting that Defendants breached her homeowner's insurance policy by failing to pay covered losses. ECF 4. QBE removed the case to this Court, ECF 1, and has filed a Motion to Dismiss, alleging both improper service of process and failure to state a claim on which relief can be granted. ECF 8. Plaintiff opposed the motion, ECF 10, and no reply has been filed. This Court has carefully reviewed all of the filings in this case, and no hearing is necessary to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, QBE's Motion to Dismiss for improper service of process will be granted and the Complaint will be dismissed without prejudice.

---

[1] QBE North America is named in the caption of the Complaint but is not discussed in the body. *See* ECF 4. Plaintiff asserts in the motion opposition, ECF 10, that "Praetorian Insurance Company is a subsidiary of QBE North America" and that "the entities named in the complaint were directly involved in administering Plaintiff's policy." But a plaintiff cannot amend a complaint through motions briefing. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint").

## I. LEGAL STANDARD

Where the validity of service is challenged, the burden rests with the plaintiff to establish valid service. *Miller v. Baltimore City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). When assessing whether a plaintiff has met that burden, "plain requirements for the means of effecting service of process may not be ignored." *O'Meara*, 464 F. Supp. 2d at 476; *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.").

Improper service of process deprives the Court of personal jurisdiction over the defendant. *See Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void.") (internal citation omitted). Fed. R. Civ. P. 4(m) further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

## II. ANALYSIS

Plaintiff has not met the burden of establishing valid service of process because QBE was not served with a summons. Both the Maryland and federal rules require a copy of the summons to be served with the complaint. *See, e.g.*, Md. Rule 2-121(a); Fed. R. Civ. P. 4(c)(1). It appears that the only summons issued in this case was the original state court summons issued on August 21, 2025. ECF 1-2. That summons is effective for service within 60 days of its issuance. *See* Md.

Rule 2-113. Plaintiff did not serve QBE (through the Maryland Insurance Administration) until March, 2026, well more than 60 days after issuance. ECF 1-3. Even then, no summons was included. *Id.*

Although QBE clearly has notice of the legal proceedings, well-established precedent provides that actual notice does not substitute for adherence to the rules. *See Mining Energy, Inc. v. Dir., Off. of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004) ("Nor is 'actual notice' ever the controlling standard in such disputes, even in the context of service of process."); *Armco*, 733 F.2d at 1089 (determining that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored"); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 541 (D. Md. 2012) ("But, there is nothing in Maryland law that suggests that the rules of service may be liberally construed.") (internal quotation omitted). There would be no reason to have rules of service if they could be excused automatically any time actual notice were achieved.

Because Plaintiff has not demonstrated valid service as to either of the presently named defendants, Plaintiff's Complaint will be dismissed due to insufficient service of process.[2] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

In the opposition, Plaintiff seeks leave "to add the Australian parent QBE HOLDINGS, INC. as an additional defendant." ECF 10 at 4. Strangely, however, Plaintiff has not named as a Defendant, and does not seem to seek to name, the actual insurance company whose name appears

[2] Because service was improper, this Court does not reach the multitude of other arguments QBE raised in its Motion to Dismiss at this stage. QBE is free to refile those arguments if service is properly effected and the arguments remain applicable.

on the homeowner's insurance policy at issue, Praetorian Insurance Company. Plaintiff is advised that, under Maryland law, a parent corporation is generally not liable for the wrongful acts of its subsidiary. "Maryland courts will pierce the corporate veil only where it is necessary to prevent fraud or enforce a paramount equity." *Ramlall v. MobilePro Corp.*, 30 A.3d 1003, 1010 (Md. Ct. Spec. App. 2011) (declining to hold a parent company liable for breach of contract by its subsidiary (citing *Bart Arconti & Sons v. Ames-Ennis, Inc.*, 340 A.2d 225, 234 (Md. 1975))). Thus, even if there is some relationship amongst these independent corporate entities, Plaintiff's primary claim would lie against the company obligated to make payment under the insurance policy.

## III. CONCLUSION

For the reasons set forth above, QBE's Motion to Dismiss, ECF 8, is GRANTED due to improper service. The Complaint is dismissed without prejudice. Plaintiff will be afforded thirty days to refile it (or a new Amended Complaint to address some of the legitimate issues QBE raised in its motions briefing) and to properly serve all named defendants with new summonses and the entirety of the operative complaint. An implementing Order follows.

Dated: September 1, 2026

/s/
Stephanie A. Gallagher
United States District Judge